IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEE PRINKEY, :
:
    Plaintiff, : CIVIL NO. 4:09-CV-0052
:
v. : (Judge McClure)
:
FRANKLIN J. TENNIS, *et al.*, :
:
    Defendants. :

**<u>MEMORANDUM</u>**

July 29, 2010

**I.    INTRODUCTION**

Plaintiff Robert Lee Prinkey ("Plaintiff" or "Prinkey"), an inmate presently confined at the Rockview State Correctional Institution ("SCI-Rockview"), in Bellefonte, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983.

On April 5, 2010, this Court adopted the Report and Recommendation of Magistrate Judge Martin C. Carlson (Rec. Doc. No. 32), and therefore granted Defendants' motions to dismiss as to Defendants Tennis, Rackovan, Varner, Yarger, Swartzell, and Burks with prejudice, and as to Defendants Strohm, Thompson, and Breese without prejudice. (Rec. Doc. No. 34.) The Order also denied Defendants' motions to dismiss as to the claims against Defendants John Symons, M.D. and

William ("Ted") Williams, Medical Supervisor.[1] (*See id.*) Plaintiff was given the opportunity to file an amended complaint as to his claims against Defendants Strohm, Thompson, and Breese within twenty-one (21) days. (*See id.*)

Presently before the Court for screening is Plaintiff's Amended Complaint, filed on April 26, 2010, in which he sets forth claims against Defendants Breese and Strohm. (Rec. Doc. No. 36.) For the reasons set forth below, Defendant Thompson will be dismissed as a party to this action, the claims against Defendant Breese and a portion of the claim against Defendant Strohm will be dismissed with prejudice, and the Amended Complaint will be permitted to proceed as to the other portion of the claim against Defendant Strohm, as specified below.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations. *Morrison v. Madison*

---

[1] Defendant Symons filed an Answer to the Complaint on June 17, 2010. (Rec. Doc. No. 38.) To date, Defendant Williams has not filed an Answer to the Complaint following the denial of the motion to dismiss filed on his behalf as to the claims against him. He will be directed to do so within twenty-one (21) days from the date of service of the Amended Complaint.

2

*Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

3

## III. DISCUSSION

In his Amended Complaint, Plaintiff states that he wishes to pursue claims against Defendants Breese and Strohm, but does not state that he wishes to pursue claims against Defendant Thompson. (Rec. Doc. No. 36.) Plaintiff alleges that Defendant Breese interfered with his ability to receive medication by ordering him to put on a t-shirt in order to enter the medication line. (*Id.*) Plaintiff also alleges that Defendant Strohm ordered him to get in his cell even after Prinkey told him that it was important for him to have medication for his seizures, and that after he suffered a seizure, Strohm allegedly remarked to another inmate "F*** this guy with these seizures." (Rec. Doc. No. 36.) We construe these allegations as claims of deliberate indifference to a serious medical need under the Eighth Amendment.

In order to establish an Eighth Amendment claim against a defendant for inadequate medical care, a plaintiff must show "(I) a serious medical need, and (ii) acts or omissions . . . that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). *See also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth County Corr.*

4

*Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 105 (1976)).

The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). "The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 192 n.2 (3d Cir. 2001). Thus, a complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." *Estelle*, 429 U.S. at 106.

### A. Defendant Breese

In his Amended Complaint, Plaintiff alleges that Defendant Breese interfered with his ability to receive medication by ordering him to return to his block to put on a t-shirt. (*Id.* at 1 ¶ 1.) He alleges that Breese should have known that there is no

5

requirement that inmates wear a t-shirt under their uniforms/jackets in order to receive medication. (*Id.*) Prinkey alleges that he followed Breese's instruction and returned to his housing unit to put on a t-shirt, and that when he returned to the gate with a t-shirt on, Defendant Breese advised him that medication line now was over and that he should return to his block. (*Id.* at 2 ¶ 1.) Prinkey claims that he reported this incident to Defendant Strohm, the block sergeant, and Strohm advised him to file a grievance. (*Id.*) He refers to Exhibit W-5 to his original Complaint as the relevant grievance. (*Id.*)

The grievance set forth in Exhibit W-5 is a poor copy that is only legible in the original document. The grievance states that, on October 1, 2008, a Correctional Officer Prinkey identified as "Maurice"[2] stopped him on the way to pill line and advised him that he needed to put on a t-shirt to go to the line. (Rec. Doc. No. 1 at 14, Ex. W-5.) Prinkey states that he did have on a jacket that covered him up fully. (*Id.*) He alleges that "Maurice" stepped outside of his duty in interfering with Prinkey's ability to obtain medication and not only violated Department of Corrections policy, but also the Eighth Amendment. (*Id.*)

The grievance does not state that Prinkey attempted to return to the pill line with

---

[2]Apparently, Plaintiff later ascertained that this Correctional Officer's name is Breese.

6

a t-shirt on and that Breese told him that the time to receive his medication had passed. (*Id.*) It is in the response to that grievance, attached to the original Complaint as Exhibit W-6, that Superintendent Tennis observes that Prinkey simply could have returned to his housing unit, put on a t-shirt, and returned to medication line. (*Id.* at 15.) Tennis' response also notes that Officer Breese had been unaware that inmates were not required to wear a t-shirt to go to medication line and had been advised accordingly. (*Id.*)

Even taking Prinkey's allegations in the instant Amended Complaint as true that he returned to the medication line and Defendant Breese told him that pill line was over, his allegations do not establish that Defendant Breese, who is a member of the corrections staff rather than the medical staff, was aware of a substantial risk of serious harm to Prinkey if he did not receive medication on that one isolated occasion. Prinkey does not allege that he told Breese that he required medication for a seizure disorder. A defendant cannot be deliberately indifferent to a serious medical need if he is not aware that a serious medical need exists. Therefore, Plaintiff fails to state a claim of deliberate indifference against Defendant Breese. Because Plaintiff already was given an opportunity to amend his Complaint with respect to his claims against Breese and again has failed to state a claim upon which relief may be granted, any further

7

amendment would be futile, and dismissal of Plaintiff's claims against Breese will be with prejudice.

### B. Defendant Strohm

Prinkey alleges in his Amended Complaint that, after he returned to his housing unit without having received medication, he informed Defendant Strohm that it was important for him to have his medication for seizures, and that Defendant Strohm nevertheless told him to go into his cell. (Doc. 36 at 2 ¶ 2.) Prinkey then alleges that he felt a seizure coming on, yelled to fellow inmate Forrest to get help, Forrest went to speak to Strohm, and that when Prinkey was getting up off the floor after his seizure, Forrest informed him that Strohm said "F*** this guy with these seizures." (*Id.*)

With respect to the first portion of his claim against Strohm, Prinkey does state sufficient facts to state a claim of deliberate indifference in that he alleges that he informed Strohm of his serious medical need and the necessity to receive his medication to control his seizures, and that, despite being made aware of this substantial risk of serious harm, Strohm just told him to get into his cell. Therefore, this portion of the Amended Complaint will be permitted to proceed, and service of the Amended Complaint on Strohm's attorney (*see* Rec. Doc. No. 10) will be directed.

However, with respect to Plaintiff's allegation that Defendant Strohm allegedly

8

remarked "F*** this guy with these seizures," verbal harassment, standing alone, does not rise to the level of a constitutional violation. *See Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973). Moreover, it has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. *See Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); *Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."). Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *See Fisher v. Woodson*, 373 F. Supp. 970, 973 (E.D. Va. 1973). *See also Balliet v. Whitmire*, 626 F. Supp. 219, 228-29 (M.D. Pa. 1996) ("[v]erbal abuse is not a civil rights violation . . ."), *aff'd*, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, *see Prisoners' Legal Ass'n*, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, *see Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991).

Accordingly, Prinkey fails to state a claim upon which relief may be granted with respect to the alleged remark by Defendant Strohm, and this claim will be

9

dismissed. Because no amendment to this claim would allow Prinkey to state a claim upon which relief may be granted, it will be dismissed with prejudice. Accordingly, the only claim that survives from the Amended Complaint is Plaintiff's claim that he informed Defendant Strohm of the importance of taking his medication for seizures, but that Strohm nevertheless directed him to go into his cell.

## IV. CONCLUSION

Based on the foregoing, Defendant Thompson will be dismissed as a party to this action since Plaintiff has not presented any claims against him in his Amended Complaint. The claims against Defendant Breese, and the claim against Defendant Strohm regarding Strohm's alleged verbal remark will be dismissed with prejudice.

Service of the Amended Complaint on counsel for Defendant Strohm will be directed, and Strohm will be ordered to file an Answer as to the remaining claim against him in the Amended Complaint within twenty-one (21) days from the date of service.

In addition, because Defendant Williams did not file an Answer to the Complaint following the denial of the motion to dismiss (Rec. Doc. No. 13) filed on his behalf as to the claims against him, he also will be directed to file an Answer to the Complaint within twenty-one (21) days from the date of service of the Amended Complaint. An appropriate Order follows.

10

  s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEE PRINKEY, :
:
    Plaintiff, : CIVIL NO. 4:09-CV-0052
:
v. : (Judge McClure)
:
FRANKLIN J. TENNIS, *et al.*, :
:
    Defendants. :

## **ORDER**

July 29, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    Defendant Thompson is **DISMISSED** as a party to this action.

2.    The claims against Defendant Breese articulated in the Amended Complaint are **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(d)(2)(b)(ii), and Defendant Breese is **DISMISSED** as a party to this action.

3.    The United States Marshals Service is directed to serve the Amended Complaint (Rec. Doc. No. 36) on Ronald W. Chadwell, counsel for Defendant Sergeant Scott D. Strohm (*see* Rec. Doc. No. 10).

4.    Within twenty-one (21) days from the date of service of the Amended Complaint, Defendant Strohm shall file an Answer to the remaining claim against him

in the Amended Complaint (Rec. Doc. No. 36).

5. Within twenty-one (21) days from the date of service of the Amended Complaint, Defendant Williams shall file an Answer to the Complaint (Rec. Doc. No. 1.)

   s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge