IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEE PRINKEY, :
:
    Plaintiff, : CIVIL NO. 4:09-CV-0052
:
  v. : (Judge McClure)
:
FRANKLIN J. TENNIS, *et al.*, :
:
    Defendants. :

## **MEMORANDUM and ORDER**

November 10, 2010

**BACKGROUND**

Plaintiff Robert Lee Prinkey ("Plaintiff" or "Prinkey"), an inmate presently confined at the Rockview State Correctional Institution ("SCI-Rockview"), in Bellefonte, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983.

At this stage of the litigation, the only remaining claims are against Defendants Williams and Symons. Defendant Strohm also had been a remaining Defendant, and a motion to dismiss was filed on behalf of Strohm and Williams on August 27, 2010. (Rec. Doc. No. 48.) However, on September 10, 2010, Prinkey filed a document, which was entered incorrectly on the docket as his "brief in opposition" to the motion to dismiss filed on behalf of Strohm and Williams, in which he, *inter alia*, requested

that his claims against Defendant Strohm be dismissed. (Rec. Doc. No. 50.) By Order dated September 13, 2010, we granted Prinkey's request, and Defendant Strohm was terminated as a party to this action. (Rec. Doc. No. 52.) In our Order, we also granted an extension of time for Williams' counsel to file a brief in support of the motion to dismiss, and directed Prinkey to file his brief in opposition within fourteen (14) days from the date of filing of the supporting brief. (*Id.*)

On September 17, 2010, counsel for Williams filed a supporting brief. (Rec, Doc. No. 54.) By Order dated September 20, 2010 (Rec. Doc. No. 55) we invited supplementary briefing to more fully address the claims against Williams, and on October 4, 2010, a supplemental brief was filed (Rec. Doc. No. 57). Our September 20 Order also provided that, regardless of whether a supplemental brief was filed, Plaintiff's opposition brief was due on or before October 18, 2010. (*See* Rec. Doc. No. 55.) Although the time for filing his opposition brief has expired, Plaintiff neither has filed his brief nor requested an extension of time in which to do so. Instead, on November 1, 2010, he filed a motion to appoint counsel. (Rec. Doc. No. 62.) Also pending is Plaintiff's "Motion Pertaining to Discovery," which was filed on October 25, 2010. (Rec. Doc. No. 61.)

For the reasons set forth below, Plaintiff's request for the appointment of

counsel will be denied without prejudice, and his "Motion Pertaining to Discovery" will be deemed withdrawn for failure to file a supporting brief as Prinkey was directed to do in our October 18, 2010 Order (Rec. Doc. No. 59).

**MOTION TO APPOINT COUNSEL**

In his motion, Prinkey states that he is asserting his rights under the Constitution to counsel. (Rec. Doc. No. 62 at 1.) However, there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. *Tabron,* 6 F.3d at 157-58.

In *Tabron*, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *Id.* at 155-57. In *Parham*, the Third Circuit identified the following guidelines for appointing counsel to indigent civil litigants:

3

As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citation omitted). In a more recent, non-precedential decision, *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 & n.4 (3d Cir. 2007), the Third Circuit Court of Appeals added that two other factors to be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographical area.

In the instant case, Prinkey explains that he now requires the assistance of counsel because the inmate who was assisting him has been transferred, he is unable to afford counsel, and without the assistance of counsel, he will be taken advantage of and will not be able to respond to any briefs, motions, or court orders. (*See* Rec. Doc.

4

No. 62 at 1-2.)

In applying the factors set forth above to the instant case, we conclude that Prinkey has failed to set forth sufficient circumstances or factors to justify this Court requesting that volunteer counsel undertake representation on his behalf. We first observe that the instant motion to appoint counsel is Prinkey's first since this litigation commenced nearly two (2) years ago on January 12, 2009, and that it was filed nearly two (2) weeks after the deadline had expired for the filing of his brief in opposition to Defendant Williams' motion to dismiss. Notwithstanding this point, we note that Prinkey has succeeded in sustaining this litigation for almost two (2) years, and that he prepared and filed his opposition to two (2) previous motions to dismiss. (*See* Rec. Doc. No. 21.) Therefore, while he expresses trepidation at continuing to litigate this case without the assistance of the inmate who had been helping him, it is apparent from his filings throughout this litigation that he possesses the ability to continue to proceed on his own, including by finding another inmate who is willing to assist him.

Also weighing in favor of not appointing counsel is the fact that it does not appear that extensive factual investigation will be required in order for Prinkey to file his brief in opposition to the dispositive motion that now is pending, or generally throughout the rest of this litigation. This case also does not present complex legal

issues, and while it may, at least in part, turn on credibility determinations, it is unlikely that extensive expert witness testimony will be required. Finally, while Prinkey explains that he is indigent and unable to afford counsel, he does not mention any efforts he has made throughout the course of this litigation to secure *pro bono* (volunteer) counsel. Based on all of these factors, we conclude that the denial of Prinkey's motion to appoint counsel is appropriate. However, the denial will be without prejudice, and in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a properly filed motion.

In light of our denial of Prinkey's motion to appoint counsel, we will afford him additional time to file his brief in opposition to Defendant Williams' motion to dismiss (Rec. Doc. No. 48), and direct him to do so on or before **December 1, 2010.**

**"MOTION PERTAINING TO DISCOVERY"**

On October 25, 2010, Plaintiff filed a document entitled "Motion Pertaining to Discovery." (Rec. Doc. No. 61.)

Previously, on October 15, 2010, Plaintiff filed a document with the Court that he identified as responding to the Court's August 30, 2010 Order.[1] (Rec. Doc. No. 58.) Plaintiff summarized some of the procedural history of this case, and then wrote that he was stating for the record that "he has forwarded this court most if not all of his **Discovery** in his possession" and that most of it is attached to his Complaint filed on January 12, 2009. (*See id.* at 2.) He explained that he was filing a copy of a letter stating that he had been scheduled for an EEG on January 12, 2009. (*See id.*) Plaintiff also noted that he was supposed to be sent for medical testing on February 10, 2010 to monitor his seizures, but he never was sent and never received an explanation. (*See id.* at 3.) Plaintiff included the following request: "Wherefore, for the foregoing reasons, Plaintiff respectfully request [*sic*] that his **Motion** be accepted and granted with the Plaintiff's other filings and complaints." (*See id.*) (emphasis added).

In an Order dated October 18, 2010, we observed that Plaintiff had not

---

[1] Our August 30, 2010 Order set forth case management deadlines as to the other remaining Defendant in this action, Dr. John Symons, including deadlines for the completion of discovery, the submission of discovery-related motions, and the filing of dispositive motions. (Rec. Doc. No. 49.) Pursuant to that Order, discovery has closed, the deadline for submission of discovery-related motions has expired, and dispositive motions currently are due on or before November 29, 2010. (*Id.*)

7

captioned his filing as a motion, and, that, although he attached Exhibits (Rec. Doc. No. 58-2), he had not attached a proposed order as required by Middle District of Pennsylvania Local Rule ("LR") 7.1.[2] As such, it was unclear whether Plaintiff was filing a Motion, or in light of his reference to our August 30, 2010 Order, which set October 14, 2010 as the deadline for completion of discovery, he was submitting copies of documents he had received during discovery. Therefore, we advised Plaintiff that, if he simply was filing copies of documents he had received during discovery, it was unnecessary to do so. We also advised him that, if he was asking the Court to consider his filing as a motion, he is required to comply with LR 7.1 by submitting a proposed order, and also comply with LR 7.5 by submitting a brief in support of his motion.

On October 25, 2010, Prinkey filed the instant "Motion Pertaining to Discovery." (Rec. Doc. No. 61.) The document is identical to the document Prinkey previously filed on October 15, except that he now clearly has labeled it as a "Motion." However, despite our specific direction in our October 18 Order, Prinkey neither has submitted a proposed order nor a supporting brief, and the deadline to do so has expired. Therefore, we will deem the "Motion Pertaining to Discovery" to be

---

[2]The requirements of LR 7.1 are set forth in the Court's Standing Practice Order, which was issued to Plaintiff on January 12, 2009. (Rec. Doc. No. 4.)

withdrawn pursuant to LR 7.5.[3]  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to appoint counsel (Rec. Doc. No. 62) is **DENIED** without prejudice.

2. On or before **December 1, 2010**, Plaintiff shall file his brief in opposition to the motion to dismiss filed on behalf of Defendant Williams (Rec. Doc. No. 48).

3. Plaintiff's failure to file his brief in opposition to the pending motion to dismiss (Rec. Doc. No. 48) within the required time may result in the motion being deemed unopposed and granted without a merits analysis.  *See* Middle District of Pennsylvania Local Rule 7.6[4]; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

4. Plaintiff's "Motion Pertaining to Discovery" (Rec. Doc. No. 61) is deemed **WITHDRAWN** pursuant to LR 7.5.

---

[3]LR 7.5 requires the filing of a supporting brief within fourteen (14) days after the filing of any motion, and provides that where a supporting brief is not filed within the required time, the motion shall be deemed to be withdrawn.

[4]LR 7.6 provides that any party who fails to comply with this rule, which requires the filing of a brief in opposition to a motion, shall be deemed not to oppose the motion.

  s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge