# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE PRINKEY,** | : | **CIVIL NO. 4:09-CV-0052** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **FRANKLIN J. TENNIS, et al.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On January 12, 2009, Plaintiff Robert Lee Prinkey ("Prinkey"), an inmate presently confined at the Rockview State Correctional Institution ("SCI Rockview") in Bellefonte, Pennsylvania, initiated the above action pro se by filing a complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.)

At this stage of the litigation, the only remaining claims are against defendants Williams and Symons. Presently pending is a motion to dismiss filed on behalf of Williams to dismiss Prinkey's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be denied in part and granted in part.

**I.     Background**

Prinkey filed his complaint on January 12, 2009. (Doc. 1.) Service of the complaint was directed by order dated February 25, 2009. (Doc. 9.) On May 19, 2009, a motion to dismiss the complaint was filed on behalf of defendants Tennis, Rackovan, Williams, Burks, Varner, Yarger, Breese, Swarzel, Strohm, and Thompson. (Doc. 13.) On July 2, 2009, a motion to dismiss the complaint was filed on behalf of defendant Dr. Symons. (Doc. 9.) By

order dated April 5, 2010, the Honorable James F. McClure, Junior, to whom this case then was assigned[1], adopted in full the March 8, 2010 report and recommendation of Magistrate Judge Martin C. Carlson (Doc. 32), and therefore granted the motions to dismiss (Docs. 13, 19) with prejudice as to Defendants Tennis, Rackovan, Varner, Yarger, Swarzell, and Burks; granted the motions without prejudice as to Strohm, Thompson, and Breese, and provided Prinkey with an opportunity to file an amended complaint against these Defendants within twenty-one (21) days; and denied the motions as to defendants Symons and Williams. (Doc. 34.) The order observed that, as to the denial of the motion concerning the claims against Symons and Williams, the magistrate judge "recommended that these motions to dismiss be denied, without prejudice to the Defendants later pursuing appropriate motions for summary judgment." (Id. at 4.)

Prinkey filed an amended complaint on April 26, 2010 as to his claims against defendants Breese and Strohm.[2] (Doc. 36.) The instant motion to dismiss was filed on August 27, 2010 on behalf of defendants Strohm and Williams. (Doc. 48.) However, on September 10, 2010, Prinkey filed a document in which he, inter alia, requested that his claims against defendant Strohm be dismissed. (Doc. 50.) By order dated September 13,

---

[1] On December 22, 2010, following Judge McClure's death, this case was reassigned to the undersigned.

[2] Because Prinkey did not amend his claims against Thompson, by order dated July 29, 2010, Thompson was dismissed as a party to this action. (See Doc. 43.) That order also dismissed Prinkey's amended claims against Breese with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). (See id.)

2010, Prinkey's request was granted, and defendant Strohm was terminated as a party to this action. (Doc. 52.) The motion is fully briefed and ripe for disposition.

## II.     **Allegations of the Complaint**

Although Prinkey filed an amended complaint on April 26, 2010 (Doc. 36), the amendment was as to his claims against defendants Breese and Strohm, and therefore, Prinkey's allegations against defendant Williams are contained in the original complaint. (Doc. 1.) Prinkey's allegations in his complaint are as follows:

Prinkey alleges that he has suffered from a grand mal seizure disorder since 1999. (Doc. 1 § IV. ¶ 1.) He alleges that, as a result of each seizure, he has suffered repeated head, back, and neck trauma, "which exacerbates his irreparable damages." (Id.) He alleges generally that defendants have "acquiesced in increasing the damages in their retaliation toward him." (Id.) Prinkey further alleges as follows:

> Plaintiff has filed numerous sick call slip/requests for treatment to Doctor John Symons via the normal procedures at SCI-Rockview, and directly to Medical Supervisor Tedd Williams and received no answers for a period/time frame September, 2007 - September, 2008. As a result of Dr. Symons, Physicians Assistants id. supra [sic] and Medical Supervisor, Tedd Williams (defendants) refusing to answer plaintiff and refusing to examine him for an appropriate and adequate medical plan, e.g. blood tests to measure seizure medication and CPK levels to measure the severity of seizure activity, plaintiff suffer[s] chronic recurrent grand mal seizures inside his cells and on prison grounds. These seizures have inflicted lumps, bruzes [sic], lacrations [sic], neck, head and spinal pain. Defendants enumerated supra knew or should have known and refused to do anything about it.

(Id. ¶¶ 2-3.)

Prinkey includes allegations concerning grievances he filed in September and October

2008. (Id. at 6-8.)  He alleges that, on September 17, 2008, he filed a grievance directed to Dr. Symons in which he stated that he was having seizures repeatedly for the past week and provided the name of a witness who saw him get off the ground bleeding. (Id. at 6 ¶ 4.)  He attaches a copy of the grievance (id. at 10) to the complaint, and observes that, upon receipt by Grievance Coordinator Rackovan on September 19, 2008, the grievance was assigned to Captain Swartzell for investigation.  (Id.)

Prinkey alleges that, in his response, dated September 29, 2008, Swartzell indicated that the grievance was frivolous and without merit.  (Id. at 6 ¶ 6.)  Prinkey attaches a copy of Swartzell's response, which states as follows:

> I, COIV Swartzell find this Grievance to be Frivolous and without Merit, based on my investigation.  The staff assigned to a Bldg. on the 10-6 shift denies refusing you Medical attention as you claim.  If you are having Medical issues it would behoove you to seek Medical Attention through proper procedures rather than using the Grievance System to deal with your Medial concerns.  I also recommend addressing your problems yourself instead of trying to have another inmate intervene on your behalf.

(Id. at 11.)

Prinkey then alleges that he "appealed" Swartzell's response to defendant Williams, and that when he appealed, the number of his grievance was changed from 243856 to 243806.  (Id. at 7 ¶ 8.)  Williams attaches a copy of the document he allegedly filed as an "appeal" to Williams.  (Id. at 12.)  The document was prepared on an official inmate grievance form, dated October 14, 2008, and was assigned the grievance number 243806.  In this document, Prinkey states that he is following up on his grievance that he filed with Dr.

4

Symons that had been referred to Captain Swartzell with a due date of October 3, 2008.  (Id.)

He states that it was inappropriate to assign the grievance to a non-medical person, namely Swartzell, and that "this is not in accordance to DOC ADM policy regarding a medical plan of action, reform or rehabilitation, particularly when Mr. Prinkey has been suffering from a grand mal seizure disorder that continues." (Id.) In the section of the inmate grievance form requiring that the inmate list actions taken and staff contacted before filing the grievance, Prinkey states that Symons refused to answer, Swartzell refused to answer on the due date of October 3, 2008, and that Sergeant Strohm's response was, "F*** this guy Prinky [sic] w/his seizures, crying and complaining all of the time." (Id.)

Prinkey also attaches copies of a grievance he filed on October 1, 2008 to Jeffrey Rackovan at grievance number 245307 regarding an alleged denial of medication because he was not wearing a t-shirt. (Id. at 14.) Although Prinkey does not attach a copy of the response to the grievance, he attaches a copy of the October 23, 2008 denial of his appeal from the response by Superintendent Tennis. (Id. at 15.)

Finally, Prinkey attaches a copy of his appeal to the Office of Inmate Grievances and Appeals where he specifies that he is appealing from Grievance Numbers 243806 and 245307, and in which he specifically complains about the handling of his grievances by Rackovan, Swartzell, Symons, Yarger, Thompson, Breese, and Tennis. (Id. at 17-18.) He also attaches a copy of a notice he received on November 6, 2008 from the Office of Inmate Grievances and Appeals directing him to file within ten (10) days his initial review response by the Grievance Officer, and Facility Manager's decision as to Grievance Number 243806 and 245307. (Id. at 16.) Also attached is a copy of the Final Appeal Decision issued by the

5

Office of Inmate Grievances and Appeals on December 4, 2008 dismissing the appeal for failure to provide the requested documentation.  (Id. at 19.)

### III.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal,

--- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**IV.    Discussion**

    **A.    Deliberate Indifference Claim**

Prinkey alleges that he filed "numerous sick call slip requests for treatment to Doctor John Symons, and directly to Medical Supervisor Tedd Williams and received no answers for a period/time frame September 2007- September 2008." (Doc. 1 ¶ IV. ¶ 2.) He further alleges that, as a result of Symons, physician assistants, and Williams "refusing to answer plaintiff and refusing to examine him for an appropriate and adequate medical plan, e.g. blood tests to measure seizure medication and CPK levels to measure the severity of seizure activity, plaintiff suffer[s] chronic recurrent grand mal seizures inside his cells and on prison grounds. These seizures have inflicted lumps, bruzes [sic], lacrations [sic], neck, head and

7

spinal pain. Defendants enumerated supra knew or should have known and refused to do anything about it." (Id. ¶¶ 2-3.)

In considering Prinkey's claims against defendant Williams, we observe that, to demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, Prinkey must establish that Williams acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990)); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir.1987).

The sole copy of a grievance directed to defendant Williams that Prinkey attaches to his complaint is the grievance identified as number 243806, dated October 14, 2008, in which Prinkey indicates that he is following up to one of his earlier grievance submitted to

8

Dr. Symons that had been referred to Captain Swartzell for a response due on October 3, 2008, in which he complains that the assignment of the grievance to a non-medical staff member was inappropriate and not in accordance with DOC ADM policy regarding a medical plan of action. (Doc. 1 at 12.) If this submission by Prinkey to Williams were the sole basis upon which he seeks to hold Williams liable, based on our consideration of the complaint, and the attachments thereto, we would find that he fails to state a deliberate indifference claim against Williams. Specifically, inasmuch as Prinkey alleges in his October 14, 2008 submission to Williams that he was following up on his earlier grievance, and he alleges in his complaint that the grievance number was changed from 243856 to 243806, rather than that he previously had filed an entirely different grievance at number 243806 that had not been addressed, and Prinkey's own exhibits show that Swartzell already had responded to his grievance filed at number 243856 on September 29, 2008 (see Doc. 1 at 11), Williams would have had no reason to respond to Prinkey's grievance. In alleging that Williams failed to respond to a "follow-up" regarding the same issue, Prinkey neither can establish that Williams' failure to respond is sufficiently serious or that, in failing to respond, Williams was aware of a risk of serious harm to Prinkey because Prinkey's issue already had been addressed by Captain Swartzell. Moreover, to the extent Prinkey alleges that he was filing an "appeal" with defendant Williams, where Prinkey's own attachments to his complaint show that he appealed the denial of his other grievance to Superintendent Tennis (see Doc. 1 at 15), it is apparent that Prinkey was aware that the proper way to appeal the denial of his grievance was to file the appeal with the Superintendent, rather than with

Williams.

However, in his complaint, Prinkey alleges that he submitted "numerous sick call slip/ requests for treatment" to defendants Symons and Williams from September 2007 through September 2008, and that, as a result of their failure to answer or provide an adequate medical evaluation, he suffered "chronic recurrent grand mal seizures" resulting in physical injuries, including lumps, bruises, lacerations, neck, head, and spinal pain.  Accepting as true Prinkey's allegations that he submitted "numerous" sick call requests to Williams during a one year time period requesting treatment for his seizures and that Williams refused to answer and refused to examine him, these allegations are sufficient to state a claim of deliberate indifference to a serious medical need that survives a motion to dismiss.  Contrary to the argument advanced by defendant Williams that Prinkey's failure to allege a "life-long handicap or permanent loss" negates the seriousness of his medical need (see Doc. 57 at 3), Prinkey's allegation that he suffered physical injuries on an ongoing basis as a result of a failure to provide adequate treatment for his seizures is sufficient to meet the standard for a serious medical need.  See Spruill, 372 F.3d at 235.  Moreover, where Prinkey alleges that he filed "numerous" requests directly to Williams during the time period from September 2007 through September 2008, but has not attached copies of any additional requests to his complaint, we cannot assess the adequacy of the medical care provided by Williams to Prinkey at this stage, and accordingly, we will deny defendant Williams' motion to dismiss. However, the dismissal will be without prejudice to Williams' ability to file a motion for summary judgment within sixty (60) days from the date of the attached order.

### B. <u>Retaliation Claim</u>

Prinkey alleges generally that defendants have "acquiesced in increasing the damages in their retaliation toward him." (Doc. 1 § IV ¶¶1-2.) In order to state a retaliation claim, Prinkey must satisfy three elements. First, he must prove that he was engaged in a constitutionally protected activity. <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001). Second, he must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." <u>Id.</u> (quoting <u>Allah v. Seiverling</u>, 228 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" <u>Id.</u> at 333 (quoting <u>Allah</u>, 229 F.3d at 225). Third, a prisoner plaintiff must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." <u>Id.</u> at 333 (quoting <u>Mount Healthy Bd. Of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977)); <u>Suppan v. Dadonna</u>, 203 F.3d 228. 235 (3d Cir. 2000).

Prinkey's general claim against all of the defendants that they retaliated against him is insufficient to state a retaliation claim. Prinkey does not identify the constitutionally protected activity he was engaged in or the actions allegedly taken by defendants, including defendant Williams, that allegedly deterred him from exercising his constitutional rights. Absent these allegations, he cannot establish a causal relationship between his exercise of constitutional rights and being subjected to adverse action by prison officials "sufficient to deter a person of ordinary firmness from exercising his rights", <u>see</u> <u>Rauser</u>, 241 F.3d at 333, and therefore, he fails to state a retaliation claim. In his brief in opposition to the instant

motion (see Doc. 68), Prinkey fails to offer any argument in opposition to defendant Williams' argument that Prinkey's retaliation claim should be dismissed, and therefore, dismissal of this claim with prejudice is appropriate.

## V. Conclusion

For the foregoing reasons, the motion to dismiss filed on behalf of defendant Williams will be denied as to plaintiff's deliberate indifference claim against him without prejudice to defendant Williams' ability to file a motion for summary judgment, and granted as to plaintiff's retaliation claim, which will be dismissed with prejudice. An appropriate order follows.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: March 29, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT LEE PRINKEY,** | : | **CIVIL NO. 4:09-CV-0052** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **FRANKLIN J. TENNIS, et al.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

AND NOW, this 29<u>th</u> day of March 2011, upon consideration of the motion to dismiss filed on behalf of defendant Williams pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 48), and in accordance with the accompanying memorandum, it is hereby **ORDERED** that Defendant Williams' motion to dismiss is DENIED in part and GRANTED in part as follows:

1. The motion is DENIED as to plaintiff's deliberate indifference claim against defendant Williams WITHOUT PREJUDICE to the ability of defendant Williams to file a motion for summary judgment within sixty (60) days from the date of this order; and

2. The motion is GRANTED as to plaintiff's retaliation claim against defendant Williams.

        **BY THE COURT:**

        <u>s/James M. Munley</u>
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**