IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LEE PRINKEY, | : | CIVIL NO. 4:09-CV-0052 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| FRANKLIN J. TENNIS, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Robert Lee Prinkey ("Prinkey"), a former state inmate, initiated the above action pro se by filing a complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) At the time of filing, Prinkey was an inmate at the State Correctional Institution Rockview ("SCI Rockview") in Bellefonte, Pennsylvania.

At this stage of the litigation, the only remaining claims are against defendants John T. Symons, M.D. and William ("Ted") Williams. Presently pending are motions for summary judgment filed on behalf of Symons (Doc. 65) and Williams (Doc. 78). For the reasons set forth below, the motions will be granted based upon Prinkey's failure to exhaust his administrative remedies as to his claims against Symons and Williams.

I. **Background**

Prinkey filed his complaint on January 12, 2009. (Doc. 1.) Service of the complaint was directed by order dated February 25, 2009. (Doc. 9.) On May 19, 2009, a motion to dismiss the complaint was filed on behalf of defendants Tennis, Rackovan, Williams, Burks, Varner, Yarger, Breese, Swarzel, Strohm, and Thompson. (Doc. 13.) On July 2, 2009, a

motion to dismiss the complaint was filed on behalf of defendant Dr. Symons. (Doc. 19.) By order dated April 5, 2010, the Honorable James F. McClure, Junior, to whom this case then was assigned[1], adopted in full the March 8, 2010 report and recommendation of Magistrate Judge Martin C. Carlson (Doc. 32), and therefore granted the motions to dismiss (Docs. 13, 19) with prejudice as to Defendants Tennis, Rackovan, Varner, Yarger, Swarzell, and Burks; granted the motions without prejudice as to Strohm, Thompson, and Breese, and provided Prinkey with an opportunity to file an amended complaint against these defendants within twenty-one (21) days; and denied the motions as to defendants Symons and Williams. (Doc. 34.) The order observed that, as to the denial of the motion concerning the claims against Symons and Williams, the magistrate judge "recommended that these motions to dismiss be denied, without prejudice to the Defendants later pursuing appropriate motions for summary judgment." (Id. at 4.)

Prinkey filed an amended complaint on April 26, 2010 as to his claims against defendants Breese and Strohm.[2] (Doc. 36.) On August 27, 2010, a motion to dismiss was filed on behalf of defendants Strohm and Williams. (Doc. 48.) However, on September 10, 2010, Prinkey filed a document in which he, inter alia, requested that his claims against

---

[1] On December 22, 2010, following Judge McClure's death, this case was reassigned to the undersigned.

[2] Because Prinkey did not amend his claims against Thompson, by order dated July 29, 2010, Thompson was dismissed as a party to this action. (See Doc. 43.) That order also dismissed Prinkey's amended claims against Breese with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (See id.)

defendant Strohm be dismissed. (Doc. 50.) By order dated September 13, 2010, Prinkey's request was granted, and defendant Strohm was terminated as a party to this action. (Doc. 52.)

Accordingly, Prinkey's claims against defendants Symons and Williams, which are contained in his original complaint (Doc. 1), are the only remaining claims in this action. Prinkey's complaint contains the following allegations pertinent to the remaining defendants:

Prinkey has suffered from a grand mal seizure disorder since 1999. (Id. § IV. ¶ 1.) As a result of each seizure, he has suffered repeated head, back, and neck trauma, "which exacerbates his irreparable damages." (Id.) From September 2007 through September 2008, Prinkey filed "numerous sick call slip/requests for treatment" to Symons and Williams and received "no answers." (Id. ¶¶ 2-3.) As a result of their refusal to answer him and refusal to examine him, Prinkey suffered "chronic recurrent grand mal seizures inside his cells and on prison grounds" and sustained injuries, including "lumps, bruzes [sic], lacrations [sic], neck, head and spinal pain." (Id.)

When he was deposed by Dr. Symons' attorney on August 19, 2010 and was asked why he is suing Symons, Prinkey testified that he is suing him because, on "one day" between 2007 and 2008, Symons took him off of all of his medications, and he had three seizures that day. (Doc. 66-6, Ex. E, Pl.'s Dep. Tr., at 35, 37-39.)[3] Prinkey could not recall

---

[3]Throughout this memorandum, citations to page numbers of documents filed to the docket in this action are to the page numbers generated by the CM/ECF System.

the date of this alleged occurrence. (Id. at 35.) Prinkey testified that he resumed all of his medications the next day. (Id. at 39.)

On November 29, 2010, a motion for summary judgment was filed on behalf of defendant Symons. (Doc. 65.) A supporting brief (Doc. 66), exhibits (Docs. 66-1 through 66-9), and statement of material facts (Doc. 67) simultaneously were filed. Because Prinkey failed to file any opposition to the motion, by order dated February 3, 2011, we directed him to file his opposition brief and responsive statement of material facts on or before February 17, 2011, and warned him that his failure to file his opposition as directed would result in the motion being deemed unopposed and addressed on the merits. (Doc. 70.) On February 22, 2011, Prinkey filed a brief in opposition to defendant Symons' motion for summary judgment. (Doc. 71.) On April 5, 2011, a reply brief was filed on behalf of defendant Symons. (Doc. 75.) Accordingly, the motion is fully briefed and ripe for disposition.

By memorandum and order dated March 29, 2011, the motion to dismiss filed on behalf of defendant Williams was granted as to Prinkey's retaliation claim against him, but denied as to his deliberate indifference claim against Williams without prejudice to Williams' ability to file a motion for summary judgment within sixty (60) days from the date of the order. (Doc. 74.) On April 12, 2011, Williams filed an answer to the complaint. (Doc. 76. Thereafter, on May 31, 2011, a motion for summary judgment was filed on behalf of Williams. (Doc. 78.) A supporting brief (Doc. 83) and statement of material facts (Doc. 82) subsequently were filed. Because Prinkey failed to file his opposition to the motion, by order dated July 12, 2011, we directed him to file his opposition brief and responsive statement of

material facts on or before July 26, 2011, and warned him that his failure to file his opposition as directed would result in the motion being deemed unopposed and addressed on the merits. (Doc. 84.) On August 3, 2011, Prinkey filed a brief in opposition to defendant Williams' motion for summary judgment. (Doc. 85.) Accordingly, the motion is fully briefed and ripe for disposition.

## II.    Standard of Review

Federal Rule of Civil Procedure 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[4] A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of

---

[4]The Court notes that Rule 56 was revised by amendment effective December 1, 2010, which was after the pending motion for summary judgment was filed on behalf of defendant Symons, and before the pending motion for summary judgment was filed on behalf of defendant Williams. The revisions are "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts." Fed.R.Civ.P. 56 advisory committee's note to 2010 Amendments. "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Id. In disposing of the instant motions, the Court applies the post–2010 Amendment Rule 56 provisions, as the Supreme Court has directed that the 2010 Amendments are to be retroactively applied. See Order of the Supreme Court of the United States accompanying Letters from Chief Justice John G. Roberts, Jr., to Speaker of the House Nancy Pelosi and President of the Senate Joseph R. Biden, Jr. (Apr. 28, 2010).

material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. Id. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." Id.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. Anderson, 477 U.S. at 256-57. The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." Jersey Cent. Power & Light Co. v. Twp. of Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

In deciding a motion for summary judgment, "the judge's function is not himself to

6

weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Thus, summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48.

## III. Discussion

### A. Undisputed Facts

Prinkey has failed to file a separate statement of material facts controverting the statements filed by defendants Symons (Doc. 67) and Williams (Doc. 82) despite specifically being directed to do so and warned of the consequences of failing to file a responsive statement in orders dated February 3, 2011 (Doc. 70) and July 12, 2011 (Doc. 84). Therefore, all material facts set forth in defendants' statements (Docs. 67, 82) will be deemed admitted. See M.D. Pa. LR 56.1.[5] Defendants' statements (Docs. 67, 82) and supporting

---

[5] LR 56.1 provides, in relevant part, as follows: "The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the [moving party's] statement, as to which it is contended there is a genuine issue to be tried . . . All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Prinkey was advised of the requirements of LR 56.1 in the standing practice order issued in this case on January 12, 2009 (Doc. 4) as well as in our February 3 and July 12, 2011 orders (Docs. 70, 84).

exhibits[6] (Docs. 66-1 through 66-9) establish the following undisputed facts relevant to the disposition of the instant motions:

The declaration of Tracy Williams ("Ms. Williams") is attached to defendant Symons' statement of uncontested facts as Exhibit G. (Doc. 67, Symons' Statement of Material Facts ("SMF") ¶ 117; Doc. 82, Williams' SMF, ¶ 113; Doc. 66-8, Ex. G, Ms. Williams' Decl.) Ms. Williams is employed by the Commonwealth of Pennsylvania Department of Corrections ("DOC") in the position of Grievance Review Officer. (Doc. 67 ¶ 118; Doc. 82 ¶ 114; Doc. 66-8 ¶ 1.) As part of her duties, she is responsible for reviewing grievance records and appeals. (Id.) In her capacity as Grievance Review Officer, she has access to the DOC's automated grievance tracking system. (Doc. 67 ¶ 119; Doc. 82 ¶ 115; Doc. 66-8 ¶ 2.) She has personal knowledge of the facts set forth in her declaration. (Doc. 67 ¶ 120; Doc. 82 ¶ 116; Doc. 66-8 ¶ 3.)

According to Ms. Williams, the DOC's inmate grievance procedure set forth at DC-ADM 804 is included in the inmate handbook, which is given to all inmates in the custody of the DOC. (Doc. 67 ¶ 121; Doc. 82 ¶ 117; Doc. 66-8 ¶ 4.) According to Ms. Williams, under the DOC's inmate grievance procedure, an inmate must submit an initial grievance to the prison's Grievance Coordinator within fifteen (15) days of the incident in question. (Doc. 67 ¶ 122; Doc. 82 ¶ 118; Doc. 66-8 ¶ 5.) The Grievance Coordinator then assigns the grievance

---

[6]In support of his request for summary judgment, defendant Williams relies on the exhibits submitted by defendant Symons. (See Doc. 82 n.1.)

to the appropriate person, official, or employee for a response. (Id.) Following the issuance of the Grievance Officer's decision, the inmate has ten (10) working days to appeal to the Superintendent of the prison. (Id.) Once the Superintendent's decision is made, the inmate has fifteen (15) days to appeal to the Secretary's Office. (Id.)

Ms. Williams has reviewed Prinkey's records and grievances and has concluded that he filed only two (2) grievances that concern his medical care, Grievance Numbers 243856 245307. (Doc. 67 ¶ 123; Doc. 82 ¶ 119; Doc. 66-8 ¶ 6.) Her review of Grievance No. 243856 shows that, on January 8, 2009, the Secretary's Office dismissed it because the appeal was not timely submitted, Prinkey had not followed appropriate submission procedures, and the appeal was not properly signed. (Doc. 67 ¶ 124; Doc. 82 ¶ 120; Doc. 66-8 ¶ 7.) Ms. Williams' review of Grievance No. 245307 shows that it was dismissed by the Secretary's Office because Prinkey had not provided the required documentation. (Doc. 67 ¶ 125; Doc. 82 ¶ 121; Doc. 66-8 ¶ 8.) The details of Grievance Numbers 243856 and 245307 are as follows:

1. **Grievance No. 243856**

On September 17, 2008, Prinkey filed Grievance No. 243856. (Doc. 67 ¶ 2; Doc. 82 ¶ 2; Doc. 66-2, Ex. B, at 2, Grievance No. 243856.) This grievance states that he had repeated seizures for the past week, resulting in injuries, and had complained about them to the night shift officer. (Id.) According to Prinkey, the night officer refused to send him to the nurse. (Id.) However, Prinkey states in the grievance that he spoke with Nurse Betty and

she advised him to sign up for sick call. (See Doc. 66-2 at 2.) Grievance No. 243856 is not against defendants Symons or Williams and does not contain any allegations against either of these defendants. (See id.; Doc. 67 ¶ 3; Doc 82 ¶ 3.)

On September 29, 2008, a Grievance Officer responded to the grievance and noted that the corrections officer had denied refusing to allow Prinkey to see a nurse. (Doc. 67 ¶ 4; Doc. 82 ¶ 4; Doc. 66-2 at 3, 9/29/08 Response.) He also added that Prinkey always could seek medical attention through proper procedures. (Id.)

Prinkey filed an appeal (with the incorrect grievance number) and again stated that he had seizures at night and the officer refused to allow him to see a nurse. (Doc. 67 ¶ 5; Doc. 82 ¶ 5; Doc. 66-2 at 4, 10/1/08 Appeal.) On October 23, 2008, the Superintendent dismissed Prinkey's appeal and noted that if he was having seizures, he should sign up for sick call. (Doc. 67 ¶ 6; Doc. 82 ¶ 6; Doc. 66-2 at 6, 10/23/08 Superintendent Response.)

On January 8, 2009, the Secretary's Office dismissed Grievance No. 243856 because the appeal was not timely submitted. (Doc. 67 ¶ 7; Doc. 82 ¶ 7; Doc. 66-2 at 7, 1/8/09 Final Appeal Decision.)

### 2. Grievance No. 245307

On October 1, 2008, Prinkey filed Grievance No. 245307. (Doc. 67 ¶ 8; Doc. 82 ¶ 8; Doc. 66-3, Ex. C, at 2, Grievance No. 245307.) This grievance alleged that a correctional officer would not allow him to enter the pill line because he was not wearing a t-shirt. (Id.) Grievance No. 245307 has nothing to do either with defendant Symons or defendant

Williams. (Doc. 67 ¶ 9; Doc. 82 ¶ 9; Doc. 66-3 at 2.) The grievance does not mention either defendant Symons or defendant Williams. (Id.)

On October 3, 2008, a Grievance Coordinator responded to Prinkey by indicating that the officer in question was interviewed, and he in fact told Prinkey to return with a t-shirt. (Doc. 67 ¶ 10; Doc. 82 ¶ 10; Doc. 66-3 at 3, 10/3/08 Response.) The response further indicates that the officer stated that he since had been informed that inmates are not required to have a t-shirt on to go to medication line. (Id.) Prinkey chose not to return with a t-shirt to get his medication. (Id.)

Prinkey appealed Grievance No. 245307 to the Superintendent. (Doc. 67 ¶ 11; Doc. 82 ¶ 11; Doc. 66-3 at 4, 10/10/08 Appeal.) On October 23, 2008, the Superintendent denied the appeal and noted that Prinkey could have put on a t-shirt and received his medication. (Doc. 67 ¶ 11; Doc. 82 ¶ 11; Doc. 66-3 at 5, 10/23/08 Superintendent Response.)

On December 4, 2008, the Secretary's Office dismissed Prinkey's appeal at the final appeal level because Prinkey had not provided the required documentation even though he had been reminded to do so. (Doc. 67 ¶ 12; Doc. 82 ¶ 12; Doc. 66-3 at 6, 12/4/08 Final Appeal Decision.)

### B.  Analysis

The Prison Litigation Reform Act ("PLRA") requires inmates to present their claims through an administrative grievance process before filing suit in federal court. Specifically, section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "'[I]t is beyond the power of this court- or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.'" Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.[7] Woodford v. Ngo, 548 U.S. 81, 92 (2006).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus

---

[7]Because a plaintiff's failure to exhaust is an affirmative defense, a plaintiff is not required to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Rather, failure to exhaust must be pleaded and proven by the defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

seek[ ] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Porter, 534 U.S. at 525)). Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default.") A procedural default, "either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim." Gallego v. United States, Civil No. 1:02-CV-1157, 2005 WL 1653166, at *2 (M.D. Pa. July 8, 2005).

Defendants Symons and Williams have demonstrated that Prinkey failed to exhaust his administrative remedies with respect to his claims against them. Specifically, as detailed in the foregoing section, the undisputed factual record establishes that Prinkey filed only two (2) grievances that relate to his medical care, that the grievances do not contain allegations against defendant Symons or defendant Williams, and that, even if these grievances did contain allegations against the remaining defendants, they were not fully exhausted as they were dismissed at the final appeal stage as a result of Prinkey's failure to follow the required procedures. Prinkey has failed to submit any evidence to refute defendants' contention that they are entitled to judgment as a matter of law. He states in opposing Symons' motion that he did in fact exhaust his administrative remedies and that he forwarded "a copy with his

13

other discovery to his Attorney."[8] (See Doc. 71, Pl.'s Opp. Br., at 1 ¶ 2.) However, if Prinkey had evidence that he believed demonstrated that he exhausted his administrative remedies, he had a burden to submit this evidence to the Court in opposing the instant motions for summary judgment. Jones, supra, 214 F.3d at 407. Prinkey was advised of this requirement in the standing practice order issued in this case on January 12, 2009. (See Doc. 4 at 4.) Prinkey thus has failed to demonstrate that he has exhausted his administrative remedies with respect to his claims against defendants Symons and Williams. Moreover, it appears that he now has procedurally defaulted these claims. As stated above, a procedural default, "either through late or improper filings, bars the prisoner from brining a claim in federal court unless equitable considerations warrant review of the claim." Gallego, 2005 WL 1653166, at *2. Prinkey has not raised any equitable considerations. Therefore, defendants Symons and Williams are entitled to judgment as a matter of law as to Prinkey's claims against them.[9]

---

[8] Inasmuch as Prinkey is litigating this action pro se, in referring to "his attorney," we presume that he is referring to defendant Symons' attorney.

[9] Having reviewed the entire record submitted by defendants in support of their motions for summary judgment, we observe that, even if Prinkey had exhausted his administrative remedies as to his deliberate indifference claims against them, the undisputed factual record demonstrates that defendants are entitled to judgment as a matter of law as to these claims.

In particular, Prinkey has failed to submit any evidence to support his contention that Dr. Symons took his medication away for one day, and an examination of his medical records (See Def. Symons' Ex. D, Docs. 66-4, 66-5) shows that this simply never happened, but instead, establishes that Symons regularly monitored Prinkey's medications in order to ensure that he received the appropriate medication to control his seizure disorder, thereby providing him with adequate medical care.

## IV. Conclusion

Based on the foregoing, the motions for summary judgment filed on behalf of defendants Symons (Doc. 65) and Williams (Doc. 78) will be granted. An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: August 24, 2011

---

Moreover, Prinkey has failed to submit any evidence to support his assertion that defendant Williams ignored his requests for medical care, and as noted by defendant Williams in his brief (See Doc. 83 at 12-13), even if Prinkey could show that Williams ignored him, his medical records nevertheless demonstrate that Prinkey received comprehensive medical care during the relevant time period thereby defeating any deliberate indifference claim.         Finally, as observed by defendants, Prinkey's disagreement with the course of medical treatment he received does not support an Eighth Amendment claim. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE PRINKEY,** | : | CIVIL NO. 4:09-CV-0052 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **FRANKLIN J. TENNIS, et al.,** | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, this 24<u>th</u> day of August 2011, upon consideration of the motions for summary judgment filed on behalf of defendants Symons (Doc. 65) and Williams (Doc. 78), and in accordance with the accompanying memorandum, it is hereby as follows:

1. The motions (Docs. 65, 78) are GRANTED.

2. The Clerk of Court shall ENTER judgment in favor of defendants Symons and Williams and against plaintiff.

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**